**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **12-00127-01-CR-W-GAF** |
| **Thomas Shields,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the DEFENDANT'S MOTION TO DISMISS ASSERTING AFFIRMATIVE DEFENSE (Doc. #30) filed on February 15, 2013, by defendant Thomas Shields ("Shields"). Having reviewed the pleadings of the parties, the Court concludes that no evidentiary hearing is required[1] and the Court recommends that the motion to dismiss be denied.

On May 1, 2012, Shields was indicted on one count of Access with Intent to View Child Pornography Over the Internet and one count of Possession of Child Pornography, both charged pursuant to 18 U.S.C. § 2252(a)(4), (b)(2). On February 15, 2013, Shields filed a pleading with the Court asserting an affirmative defense to the two counts of the Indictment pursuant to 18 U.S.C. § 2252(c). That statutory provision states:

---

[1] It is well settled that the decision as to whether to hold an evidentiary hearing is vested in the Court's discretion. As a general rule:

> [E]videntiary hearings need only be held when, the allegations in the moving papers . . . are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the . . . evidence submitted . . . show[s] as a matter of law that the defendant is or is not entitled to relief, no evidentiary hearing is required.

*United States v. Cheely*, 814 F.Supp. 1430, 1436 (D. Alaska 1992) (*citations and internal punctuation omitted*). For the reasons set out herein, no hearing was necessary in this case.

> It shall be an affirmative defense to a charge of violating [18 U.S.C. § 2252(a)(4)] that the defendant –
>
> (1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and
>
> (2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof –
>
> > (A) took reasonable steps to destroy each such visual depiction; or
> >
> > (B) reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction.

18 U.S.C.A. § 2252(c). That same day, Shields filed his present motion to dismiss the Indictment arguing that, in light of the 2252(c) affirmative defense, the government did not have the "legal right to bring an action" against him. Shields misunderstands the effect and application of affirmative defenses in criminal prosecutions as compared to motions to dismiss indictments for facial deficiencies. An illustrative case of the principles involved is *United States v. Ferguson*, 142 F.Supp.2d 1350 (S.D. Fla. 2000)

In *Ferguson*, a criminal defendant sought to dismiss an indictment charging him with money laundering based upon a "Sixth Amendment exception"[1] to the charging statute. In denying the motion, the court determined that any "Sixth Amendment exception" was an affirmative defense. *Id*. at 1359.[2] When so categorized, the court easily disposed of the defendant's motion to dismiss:

---

[1] The defendant was a former criminal defense attorney who asserted that the statutory exception for payments necessary to preserve his client's Sixth Amendment right to counsel set out in 18 U.S.C. § 1957(f)(1) barred his prosecution for money laundering.

[2] Unlike the provision of 18 U.S.C. § 1957(f)(1) at issue in *Ferguson*, the language of 18 U.S.C. § 2252(c) at issue herein is explicit in labeling its provision as an "affirmative defense."

> With the exception correctly viewed as an affirmative defense, it is clear that Defendant's motion to dismiss is premature. . . . To bring § 1957(f)'s affirmative defense before the jury, Defendant must come forward with credible evidence at trial that the subject transactions were necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution. If he does so, he will be entitled to a jury instruction on the affirmative defense created by § 1957(f). If he fails to come forward with such evidence, the case will be given to the jury as a straight § 1957 money laundering case.

Id. (*citations omitted*).[3]

Similar to *Ferguson*, in this case, Shields at trial must come forward with credible evidence demonstrating his entitlement to assert an affirmative defense under 18 U.S.C. § 2252(c). At time, before any evidence has even been offered, this Court makes no determinations as to whether Shields can or will produce such evidence. For the time being, however, the Court does:

---

[3] The *Ferguson* court instructively noted:

> In criminal proceedings, there is no summary judgment mechanism. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. This, of course, is because the resolution of factual questions is the sole province of the jury. . . . A motion to dismiss an indictment targeted at the substance of the offense may therefore only be granted if there is a legal infirmity in the indictment. Thus, if the factual allegations of the indictment are sufficient to state the offense charged, the indictment is not deficient and a motion to dismiss aimed at the substance of the charge must be denied. Issues which are properly raised, and decided, by a pretrial motion to dismiss are those that are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). . . . If a claim or defense, even a constitutional one, implicates the "general issue," the proper procedure is to defer ruling until after the prosecution has presented its case. After the prosecution's case-in-chief has been presented, a legal issue that is intertwined with the underlying facts of the case may be properly addressed through a motion for judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or submitted to the jury.

*Id*. at 1353-54 (*citations and internal punctuation omitted*).

**RECOMMEND** that the District Court, after making an independent review of the record and applicable law, enter an order **DENYING** the *Defendant's Motion To Dismiss Asserting Affirmative Defense* (Doc. #30) filed on February 15, 2013, by defendant Thomas Shields without prejudice to Shield's renewal of his arguments at trial.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                */s/ John T. Maughmer*
                                               **John T. Maughmer**
                                           **United States Magistrate Judge**